UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

INTERNATIONAL ASSOCIATION OF
SHEET METAL, AIR, RAIL &
TRANSPORTATION WORKERS,
LOCAL UNION NO. 71 et al.

                Plaintiffs,

v.

LOVEJOY METALS, INC. et al.,

                Defendants.
_____

**DECISION AND ORDER**

1:19-CV-00299 EAW



UNITED STATES DISTRICT COURT FILED DEC 18 2019 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY

This action was commenced by Plaintiffs International Association of Sheet Metal, Air, Rail & Transportation Workers, Local Union No. 71 ("Union"); the Trustees of the Sheet Metal Workers Local No. 71 Health and Welfare Trust Fund ("Health Fund"), Pension Fund ("Pension Fund") and Annuity Fund ("Annuity Fund"); and Trustees of the Sheet Metal Contractors and Local No. 71 J.A.C. Education and Training Fund (collectively, "Plaintiffs"). Plaintiffs seek relief from defendants Lovejoy Metals, Inc. ("Lovejoy") and David Zakroczemski ("Zakroczemski") (collectively, "Defendants"), based on an alleged failure of Lovejoy to remit contributions to these funds and to the Union's P.A.L. Political Fund and Vacation and Holiday Account.

After obtaining a Clerk's Entry of Default against both Defendants, Plaintiffs filed the instant motion pursuant to Fed. R. Civ. P. 55(b)(2), seeking a default judgment against Lovejoy and Zakroczemski. (*See* Dkt. 7).

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*,

373 F.3d 241, 246 (2d Cir. 2004). "Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citation omitted).

Plaintiffs applied for and obtained an entry of default pursuant to Rule 55(a), based on their counsel's affirmation that both Defendants failed to answer or otherwise respond to Plaintiffs' properly-served complaint. (*See* Dkt. 5-1; Dkt. 6). Plaintiffs now seek the entry of a default judgment.

Once a party is deemed in default, "the Court will accept as true the allegations of the complaint that establish the defaulting [defendant's] liability." *Am. Fruit & Vegetable Co. v. Ithaca Produce, Inc.*, 848 F. Supp. 2d 375, 377 (W.D.N.Y. 2011). However, "[i]t is within the sound discretion of the District Court whether to enter a default judgment pursuant to Rule 55(b)(2), based on the assessment of the circumstances of the case and an evaluation of the parties' credibility and good faith." *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 726 (W.D.N.Y. 2011). "[P]rior to entering default judgment, a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.'" *Truck Ins. Exch. v. Paonessa*, No. 18-CV-578, 2019 WL 451427, at *1 (W.D.N.Y. Feb. 5, 2019) (quoting *Mickalis Pawn Shop*, 645 F.3d at 137). "Upon establishing a defendant's liability, the only remaining question is whether the plaintiff has provided adequate evidentiary support for the damages sought." *Granite Music Corp.*, 786 F. Supp. 2d at 726 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

The Complaint contains six causes of action. The first, third, and fourth causes of action are premised upon allegations of breach of contract, based on the collective bargaining agreement in effect between Lovejoy and the Union. (*See* Dkt. 1 at ¶¶ 85-86, 103-104, 111-112). The second cause of action is premised on both breach of contract and violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. (*Id.* at ¶¶ 94-95). Plaintiffs' fifth cause of action alleges that Zakroczemski is a fiduciary pursuant to ERISA and seeks equitable relief in the form of an accounting, injunctive relief, and reimbursement from Zakroczemski personally for any losses due to his breach of fiduciary duty. (*Id.* at ¶¶ 118-119). Finally, Plaintiffs' sixth cause of action appears to seek damages based on Lovejoy's breach of a forbearance agreement entered into by Lovejoy, the Union, and the Pension, Annuity, and Welfare Funds. (*Id.* at ¶¶ 123-124).

In support of their motion, Plaintiffs submit only a six-page Attorney Affidavit. (*See* Dkt. 7-1). Plaintiffs have not submitted a memorandum of law or otherwise provided any articulation of how the allegations in Plaintiffs' Complaint establish Defendants' liability as a matter of law, nor have Plaintiffs provided adequate evidentiary support for the damages sought.

For example, the Attorney Affidavit references, without exposition, two exhibits in support of Plaintiffs' calculation of damages. The affiant goes on to assert that pertinent totals articulated in the affidavit were calculated by an accounting firm in one instance and

by the Union's Benefit Administrator in another.[1] (Dkt. 7-1 at ¶¶ 11-12). No separate affidavits have been submitted by the individuals who prepared these exhibits, and the Attorney Affidavit offers virtually no discussion on the exhibits or the calculations therein.

Likewise, the Attorney Affidavit seeks audit fees as provided for in the Collections Policy but does not articulate the factual or legal basis for binding Defendants to the provisions in the Collections Policy. No basis is provided for Plaintiffs' application for attorneys' fees and costs, though citations in the Attorney Affidavit to the Complaint suggest that this relief is also premised on the Collections Policy. Plaintiffs also request the application of interest to "delinquent contributions," without explaining either the basis for that request or how the interest sought was calculated.

To the extent that Plaintiffs may be relying on the Forbearance Agreement to establish liability, they have made no effort to articulate the application of that agreement to the damages sought. Nor have Plaintiffs referenced the sixth cause of action, which claims a breach of the Forbearance Agreement, as part of their motion.

In addition, Plaintiffs ask that judgment be entered against both Defendants jointly and severally, without explaining the legal basis for that request. In their motion, Plaintiffs do not point to any evidence or allegation that Zakroczemski agreed to be personally liable for Lovejoy's acts or omissions and have made no effort to establish that the fifth cause of action, which alleges that Zakroczemski is an ERISA fiduciary, establishes personal

---

[1] The Court assumes that references in the Attorney Affidavit to the amounts reflected in paragraph 7 (*see* Dkt. 7-1 at ¶¶ 10-13) are in error and that the affiant intended to refer to the amounts referenced in paragraph 8.

liability for damages arising under all of the first four causes of action. As noted above, only one of those causes of action expressly references ERISA.

Plaintiffs' motion makes no attempt to establish Defendants' liability as a matter of law and does not provide adequate evidentiary support for the damages sought. For the foregoing reasons, Plaintiffs' motion for default judgment (Dkt. 7) is denied without prejudice.

Plaintiffs are reminded of their responsibility to prosecute this matter pursuant to Local Rule 41(b). Should Plaintiffs choose to again move for a default judgment, Plaintiffs are encouraged to submit a memorandum articulating the factual and legal bases for all aspects of the judgment and to articulate and fully support the damages sought.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: December 18, 2019
Rochester, New York